Brandwein v Hartig (2023 NY Slip Op 04711)

Brandwein v Hartig

2023 NY Slip Op 04711

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 150040/21 Appeal No. 623 Case No. 2022-04534 

[*1]Mazal Brandwein et al., Plaintiffs-Appellants,
v
Michael Hartig et al., Defendants-Respondents, John Does 1-5, Defendants.

Joseph H. Neiman, Jamaica Estates, for appellants.
Bond, Schoeneck & King PLLC, New York (Mark A. Berman of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered September 14, 2022, dismissing the complaint, and bringing up for reviews decision and order, same court and Justice, entered July 14, 2022, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Michael Hartig and Fernando O. Koatz to dismiss the second through fourth causes of action on the ground of forum non conveniens, unanimously affirmed, without costs.
Notwithstanding any assumption that the plaintiffs have standing to assert the causes of action at bar, the court did not abuse its discretion in dismissing the complaint on the ground of forum non conveniens. Most of the factors considered by New York courts in deciding whether to retain jurisdiction - the burden on the New York court, the potential hardship on the defendant, the unavailability of an alternative forum in which the plaintiff may bring suit, and whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction — favor a finding that Israel has a greater stake in, and is the proper forum for, this action (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984]). Most of the relevant actions occurred in Israel while the decedent and defendant Hartig resided there, the relevant medical records and other documents are written in Hebrew and located in Israel, and the decedent's heirs almost entirely reside in Israel, as do most of the witnesses and the decedent's guardian. New York's retention of jurisdiction would impose a heavy, undue burden upon the court, requiring translation of the Hebrew documents into English and nuanced application of Israeli tort and inheritance law (see Estate of Kainer v UBS AG, 175 AD3d 403, 405 [1st Dept 2019], affd 37 NY3d 460 [2021] [applicability of foreign law is an important factor in forum non conveniens analysis weighing in favor of dismissal]). Further, the defendants have consented to Israel's jurisdiction and would suffer no significant hardship from litigating there.
The fact that plaintiffs and the New York Community Bank records and witnesses are in New York is insufficient to justify the court's retention of jurisdiction. The deposition of the New York witnesses and production of the New York Community Bank records can be conducted via the internet.
We have considered plaintiffs' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023